UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARK GLAVIANA, SR., ET AL.

VERSUS

RAUL R. NEVAREZ, ET AL.

CIVIL ACTION

NO. 09-38-JJB

### RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiffs' motion (doc. 48) for summary judgment. Defendants filed an opposition (doc. 56) and Plaintiffs filed a reply (doc. 59). This Court has jurisdiction pursuant to 28 U.S.C. § 1332. There is no need for oral argument. For the following reasons, the Court GRANTS, in part, and DENIES, in part, Plaintiffs' motion.

### Background

This suit arises from a traffic accident between Plaintiff, Mark Glaviana, Sr., and Defendant, Raul R. Nevarez, in which Nevarez's tractor-trailer rear-ended a truck driven by Glaviana. That accident occurred on June 10, 2008, after Glaviana, who was carrying a heavy commercial load, pulled out onto Highway 190. Because of the truck's weight, Glaviana turned on his emergency flashers as he entered the highway "so that if anybody ha[d] to make a lane change, they [would have] plenty of room to do it."[1] Thus, he was only traveling

---

[1] Glaviana Dep. Tr. 75 (doc. 48-3).

1

"between 30, 35 [miles per hour] at the most" when Nevarez struck him from behind.[2]

At the time of the accident, Knight Transportation Company ("Knight") employed Nevarez, who was "engaged in a mission for Knight."[3]  Also, AIG Casualty Insurance Company ("AIG") provided insurance coverage "for alleged liability related to this accident, subject to the terms, limitations, conditions, and exclusions of that policy."[4]

Plaintiffs move for summary judgment on three issues: (1) whether Nevarez acted within the course and scope of his employment at the time of the accident; (2) whether AIG's policy covers the accident; and, (3) whether Nevarez bears complete liability for the accident.

## Summary Judgment Standard

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Although the Court considers any disputed or unsettled facts in the light most favorable to the non-movant, the non-movant may not rest merely on allegations set forth in his pleadings.  Instead, he must show that there is a genuine issue for trial by presenting evidence of specific facts.  *See Anderson v.*

---

[2] *Id.* at 74.
[3] Answer ¶ VIII (doc. 7).
[4] *Id.* at ¶ IX.

2

*Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy a non-movant's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once a non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex,* 477 U.S. at 322; see also Fed. R. Civ. P. 56(c).

## Analysis

### a. Course and Scope of Employment

Plaintiffs argue that at the time of the accident, Nevarez was acting in the course and scope of employment, and thus Knight is liable for his actions. As support, Plaintiffs point to an admission in the answer filed by Defendants. Plaintiffs set forth this fact in their list of undisputed material facts and Defendants did not dispute this assertion in their opposition or list of disputed material facts. Accordingly, the Court finds that Nevarez was acting within the course and scope of his employment at the time of the accident.

### b. AIG's Policy Provides Coverage for Plaintiffs' Claims

Plaintiffs argue that AIG provided policy coverage for this accident. As evidence, Plaintiffs' point to Defendants' admission that an AIG insurance policy covered Nevarez and that Defendants have not alleged that any policy exclusion or limitation precludes coverage. Plaintiffs set forth this fact in their list of undisputed material facts and Defendants did not dispute this assertion in their

3

opposition or list of disputed material facts. Accordingly, the Court finds that AIG's policy provides coverage for this accident.

*c. Liability for the Accident*

Plaintiffs argue that all fault should fall on Nevarez as the following driver in a rear-end collision. Defendants argue that the existence of genuine issues of material fact as to comparative fault precludes summary judgment. Specifically, Defendants argue that by pulling out onto the highway, with traffic approaching, including two trucks, and knowing his truck could not quickly obtain highway speed, Glaviana negligently contributed to the accident.

Although Louisiana law does presume negligence on the following driver in rear-end collisions, that presumption is rebuttable in certain scenarios. See *Robinson v. Flowers*, 07-41798 (La. App. 2 Cir. 1/24/07); 949 So. 2d 49, 553. For example, a driver entering a highway has the primary duty to avoid a collision. *Loveday v. Travelers Ins. Co.*, 585 So. 2d 597 (La. App. 3 Cir. 1991). Also, drivers have a duty to refrain from driving so slowly as to impede the normal and reasonable rate of traffic. La. Rev. Stat. Ann. § 32:64; *Loveday*, 585 So. 2d at 602.

Here, Glaviana pulled onto the highway and was travelling well below the rate of traffic at the time of the accident. Thus, before applying the rear-end collision presumption to find exclusive fault, the trier of fact must determine how the accident occurred, including whether Nevarez could have avoided the collision. See *Robinson*, 949 So. 2d at 553 (finding error based on "the trial

4

court's mechanical application of that presumption without making factual findings as to how the accident occurred"). Then the trier must determine each party's fault. Therefore, the Court denies summary judgment on the issue of liability.

## Conclusion

The Court finds that at the time of the accident Nevarez was acting in the course and scope of his employment and that AIG's insurance policy covered this accident. However, the Court also finds that genuine disputes regarding the parties' fault in causing the accident preclude summary judgment on the issue of liability.

Accordingly, Plaintiffs' motion for summary judgment (doc. 48) is GRANTED regarding course and scope of employment and AIG's insurance coverage; regarding liability, Plaintiffs' motion is DENIED.

Signed in Baton Rouge, Louisiana, this 11th day of May 2010.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA